**In re CABLE NEWS NETWORK and Time Magazine "Operation Tailwind" Litigation.**

**This order relates to: Sheppard, et al. v. Cable News Network, Inc., et al., Case No. C–98–20946.**

**No. C–98–20946–JF.**

United States District Court, N.D. California, San Jose Division.

July 31, 2000.

Joseph W. Cotchett, Bruce L. Simon, Cotchett, Pitre & Simon, Burlingame, CA, for plaintiffs in Sheppard Action.

Kevin R. McLean, Belli McLean & DeGarmo, San Francisco, CA, for plaintiffs.

Kevin T. Baine, Nicole Seligman, Williams & Connolly LLP, Washington, D.C., Steven R. Manchester, Manchester & Williams, San Jose, CA, for defendants.

ORDER RE APPLICATION OF CALIFORNIA CIVIL CODE § 48a TO CLAIMS BASED UPON THE TIME MAGAZINE ARTICLE

FOGEL, District Judge.

This order addresses the applicability of California Civil Code § 48a to the claims asserted in *Sheppard, et al. v. Cable News*

*Network, Inc., et al.,* Case No. C–98–20946, one of the seven cases collectively known as the "Operation Tailwind" litigation.[1] Pursuant to § 48a, a plaintiff asserting a defamation claim based upon a publication in a newspaper, radio broadcast or television broadcast may not recover general damages unless the plaintiff serves a written demand for retraction upon the publisher within twenty days after notice of the publication. When such a demand is not made, the plaintiff is limited to recovery of special damages, defined as "all damages which plaintiff alleges and proves that he has suffered in respect to his property, business, trade, profession or occupation, including such amounts of money as the plaintiff alleges and proves he has expended as a result of the alleged libel." Cal.Civ.Code § 48a(4)(b).

The five *Sheppard* plaintiffs assert defamation claims based upon two broadcasts aired by Defendant Cable News Network, Inc. ("CNN") and one magazine article published by Time, Inc. ("Time"). The Court previously ruled that § 48a applies to the broadcasts aired by CNN; that Plaintiffs have not alleged a sufficient demand for retraction; and that only two of the five plaintiffs, Sheppard and Graves, have alleged special damages with adequate particularity. Accordingly, the Court held that only Sheppard and Graves may proceed with defamation claims based upon the CNN broadcasts. The Court left open the question of whether § 48a applies to the Time article, holding that the statute applies if Time is a publication which disseminates "breaking news" but concluding that the current record lacks sufficient information to determine whether Time is such a publication.[2]

■ Thereafter, the Court *sua sponte* raised the issue of whether § 48a should be applied to the Time article as to these particular plaintiffs regardless of whether Time is a publication which disseminates breaking news. It is clear that the Time article, standing alone, cannot support a defamation claim by these plaintiffs because the Time article does not identify them and thus does not satisfy the "of and concerning" requirement. *See Blatty v. New York Times Co.,* 42 Cal.3d 1033, 1042, 232 Cal.Rptr. 542, 728 P.2d 1177 (1986) (stating that an alleged defamatory statement must be "of and concerning" the plaintiff in order to be actionable). Plaintiffs' theory therefore is that the CNN broadcasts and the Time article were marketed as a single "package," and that because the CNN broadcasts identified Plaintiffs the "of and concerning" requirement also is satisfied with respect to the Time article. Assuming that the identifying material contained in the CNN broadcasts can be imported into the Time article in this manner,[3] there thus remains a

---

1. The seven cases comprising the Operation Tailwind litigation are: *Michael Sheppard, et al. v. Cable News Network, Inc., et al.,* Case No. C–98–20946–JF; *Stephen A. Feldman v. Time Warner, Inc., et al.,* Case No. C–98–21111–JF; *Keith E. Plancich, et al. v. Cable News Network, Inc., et al.,* Case No. C–99–20137–JF; *Robert Van Buskirk v. Cable News Network, Inc., et al.,* Case No. C–99–20889–JF; *John F. Sadler, et al. v. Time Warner, Inc., et al.,* Case No. C–99–20902–JF; *John E. Padgett v. Time Warner, Inc., et al.,* Case No. C–99–21062–JF; and *Michael Hagen v. Cable News Network, Inc.,* Case No. C–99–21191–JF.

2. The statutory language limits its application to newspapers and makes no mention of magazines. However, based upon existing California case law, this Court believes that the California Supreme Court would decide that application of § 48a depends not upon the publication's label as a "newspaper" or a "magazine" but rather upon its role (or lack thereof) in disseminating breaking news. *See Burnett v. National Enquirer, Inc.,* 144 Cal. App.3d 991, 193 Cal.Rptr. 206 (1983).

3. The Court has been unable to find any authority addressing the merits of Plaintiff's "package" theory. This lack of authority is not particularly surprising, because the joint marketing of stories through television shows and magazine articles is a fairly recent phenomenon. The Court has permitted Plaintiffs to proceed with the "package" theory subject to later proof that the CNN broadcasts and the Time article were prepared and promoted as one single "package."

**1002**

question as to whether the § 48a limitation applicable to the broadcasts likewise should be imported into the Time article.

 After requesting and receiving supplemental briefing, the Court concludes that § 48a must be applied to the claims based upon the Time article. The viability of those claims depends upon the identifying information contained in the CNN broadcasts, which themselves are subject to § 48a. It would be inconsistent to impose the special damages limitation of § 48a to claims based directly on the CNN broadcasts but not to claims dependent upon on the same broadcasts.

This Court previously has expressed reservations about applying § 48a in this case. The legislative history of § 48a indicates that this statute was enacted to protect purveyors of breaking news. At the time the statute was amended to cover television broadcasts the Legislature likely had not even contemplated magazine-style broadcasts such as those at issue here. Plaintiffs reasonably have suggested that the "Operation Tailwind" reports did not contain breaking news and that application of § 48a in these circumstances likely was not foreseen by the California Legislature. The Court nonetheless has applied § 48a to the CNN broadcasts because the plain statutory language makes § 48a applicable to all television broadcasts. Plaintiffs now argue that no such plain language compels application of the statute to the Time article.

Plaintiff's argument is appealing in light of the Court's policy concerns about applying § 48a to the "Operation Tailwind" broadcasts. However, given the statute's explicit application to the broadcasts and Plaintiffs' own assertion that the broadcasts and article are inextricably intertwined—in that material in the broadcasts must be read into the article in order to breathe life into claims based upon the latter—the Court concludes that under the specific circumstances of this case it has no choice but to apply § 48a to the article as well.

Of the plaintiffs asserting defamation claims based upon the Time article, only Sheppard has alleged special damages with adequate specificity. Accordingly, only Sheppard will be permitted to proceed with defamation claims based upon the Time article; the defamation claims of all other plaintiffs based upon the Time article are dismissed without leave to amend.

IT IS SO ORDERED.